# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY C. TRYON,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0792** (BOR Appeal No. 2051167)
                          (Claim No. 2015030892)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry C. Tryon, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pine Ridge Coal Company, LLC, by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is whether the claim should be held compensable for occupational pneumoconiosis. This appeal originated from the April 27, 2015, claims administrator's decision rejecting the claim. In its February 24, 2016, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated July 26, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Larry C. Tryon, a former continuous miner helper, alleges he developed occupational pneumoconiosis in the course of his eighteen years of employment. Mr. Tryon has filed several claims over the years. The first claim was filed in 1991 after an x-ray of Mr. Tryon's chest showed a few well defined opacities in four zones with profusion. The Occupational Pneumoconiosis Board examined Mr. Tryon and issued findings on October 8, 1992, in which it found that x-ray studies revealed no evidence of nodular fibrosis or evidence of occupational pneumoconiosis. The claims administrator granted no award on the basis that the Occupational Pneumoconiosis Board did not make a diagnosis of occupational pneumoconiosis.

Mr. Tryon's second application for benefits was filed on July 5, 2012. Mr. Tryon noted that his last date of exposure was April 13, 1993. As evidence, Mr. Tryon stated that he had medical reports from Sam Stewart, D.O., indicating he had developed occupational pneumoconiosis. Dr. Stewart completed the physician's section of the Report of Occupational Pneumoconiosis and noted it was his opinion that Mr. Tryon contracted occupational pneumoconiosis as a result of his former employment in the mines. On July 26, 2012, the claims administrator issued a Corrected Non-Medical Occupational Pneumoconiosis Order. The Order stated that Mr. Tryon's application for benefits was rejected because it was not filed within three years from the date of last exposure to the hazards of occupational pneumoconiosis or the date that a diagnosis of impairment due to the disease was made known to him by a physician. The claims administrator determined Mr. Tryon's first claim filed in 1991 listed a date of last exposure of April 13, 1991. Because Mr. Tryon had filed a prior claim for occupational pneumoconiosis, the claims administrator reasoned that the impairment was already made known to him as he had filed a prior 1991 claim which was denied on October 29, 1992.

On September 2, 2014, Mr. Tryon underwent a pulmonary function study report performed by Donald L. Rasmussen, M.D. The report showed minimal irreversible restrictive ventilatory impairment. Total lung capacity and residual volume were minimally reduced. The single breath carbon monoxide diffusion capacity was minimally reduced. Mr. Tryon saw John Willis, M.D., on September 10, 2014. Dr. Willis's report indicated that the films taken revealed small opacities in all lung zones.

Mr. Tryon subsequently filed the instant claim on January 28, 2015. In a Physician's Report of Occupational Pneumoconiosis dated November 25, 2014, Mr. Tryon listed the last date of exposure as April 13, 1993. He stated that the medical evidence from Dr. Willis dated September 10, 2014, indicated he had occupational pneumoconiosis. On April 27, 2015, the claims administrator rejected the claim on a non-medical basis. The Order stated that the claim was rejected because Mr. Tryon was last exposed to the hazards of occupational pneumoconiosis on April 13, 1993. Mr. Tryon previously filed two claims in 1991 and 2012, which were denied. The present application was denied as not timely filed within three years of the last date of exposure or when a diagnosis was made known to Mr. Tryon by a physician.

Mr. Tryon testified in deposition on September 16, 2015, that he currently worked as a security guard and did not have any dust exposure. Mr. Tryon stated that due to prior employment in two separate coal mines, he had a total of over eighteen years of exposure to dust. Mr. Tryon

testified that he was never awarded anything in his two prior claims. He also filed a Federal Black Lung claim which was denied.

On February 24, 2016, the Office of Judges affirmed the claims administrator's decision rejecting the claim. The Office of Judges noted that it has been established that Mr. Tryon has previously filed claims for occupational pneumoconiosis benefits. The claim filed in 1991 was denied based on the Occupational Pneumoconiosis Board finding no diagnosis. Thus, the Office of Judges determined that at that time, Mr. Tryon did not know, nor should he have known, of a diagnosis of occupational pneumoconiosis because the Board said there was no diagnosis. Mr. Tryon subsequently filed a claim in 2012 with a date of last exposure listed as April 13, 1993, which was denied as not timely filed within three years of either the date of last exposure to the hazards of occupational pneumoconiosis or the date after which a diagnosed impairment due to occupational pneumoconiosis was made known to the employee by a physician. Mr. Tryon did not protest the denial of the 2012 application for benefits. Finally, Mr. Tryon filed the claim at issue on January 28, 2015. Mr. Tryon listed the date of last exposure as April 13, 1993. As evidence, Mr. Tryon submitted the pulmonary function study from September 2, 2014, and the Physician's Report of Occupational Pneumoconiosis dated November 25, 2014, which contained a diagnosis of occupational pneumoconiosis.

The Office of Judges found that when Mr. Tryon filed his 2012 application, he was actually within the three years from and after a diagnosed impairment due to occupational pneumoconiosis that was made known to him by a physician. This was because the Occupational Pneumoconiosis Board found no diagnosis in the earlier 1991 claim. The Office of Judges found that this essentially reset the clock regarding when a diagnosis was made known. However, the claims administrator issued an Order in the 2012 claim which rejected the claim as not timely filed. While the Order may have been improper, the Office of Judges determined that it became final as it was never protested. After the failure to protest, the issue could not be revived by filing another claim based on the same date of last exposure. Since there has been no additional exposure to a dust hazard, the Office of Judges concluded that Mr. Tryon is precluded from establishing a valid claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 26, 2016.

We agree with the reasoning and conclusion of the Office of Judges as affirmed by the Board of Review. Mr. Tryon's diagnosis of occupational pneumoconiosis was made known to him following breathing studies performed in 2012. Upon filing an application for benefits, the claims administrator rejected the claim as not timely filed within three years of either his last date of exposure or the diagnosis being made known to him by a physician. While arguably Mr. Tryon was within his three years when he filed the claim, he did not protest the Order and thus, it became final. Mr. Tryon has not been exposed to any further hazards and cannot bring forward another claim based on the same date of last exposure as submitted in his prior claims.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 15, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum